**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN CALDWELL
ADC #90188                                                                                                    PLAINTIFF

V.                                          5:09CV00129  JMM/JTR

GRANT HARRIS, Warden,
Varner Super Max Unit; and
CORRECTIONAL MEDICAL SERVICES, INC.                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION**

**INSTRUCTIONS**

The following recommended partial disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

       1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, John Caldwell, who is a prisoner in the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants Warden Grant Harris and Correctional Medical Services, Inc. ("CMS") are failing to provide him with adequate medical care for a bilateral inguinal hernia, high blood pressure, and a vision problem. *See* docket entries #1 and #5.

Separate Defendant Harris has filed a Motion for Summary Judgment, an Amended Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #97, #98, #100, and #103. Plaintiff has filed a Response, a Brief in Support, a Statement of Disputed Facts, and Exhibits. *See* docket entries #113, #114, #116, #117, and #118.

## II. Discussion

In his Compliant and Amended Complaint, Plaintiff alleges that Defendant Harris denied him

adequate medical care by having a policy or practice of: (1) denying prisoners' requests to see freeworld specialist and have corrective surgery; and (2) allowing the prison infirmary to routinely run out of prescription medications for chronic care diseases, such as high blood pressure.[1] *See* docket entries #1 and #5. Plaintiff is suing Defendant Harris, in his official capacity only, for declaratory and injunctive relief – but not monetary damages.[2] *Id.*

Defendant Harris argues that he is entitled to dismissal because Plaintiff has failed to exhaust his administrative remedies against him. This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers

---

[1] Plaintiff makes a similar claim against Defendant CMS. *Id.* Although he has been given the opportunity to do so, Plaintiff has *not* named any individual healthcare providers as Defendants in this action. *See* docket entry #2 at 3 (May 19, 2009 Order giving Plaintiff the opportunity to amend his Complaint to "name as Defendants any of the individual healthcare providers who failed to provide him with adequate medical care"); *see* docket entry #5 at 6-7 (June 15, 2009 Amended Complaint specifically stating that Plaintiff does not wish to name any individual healthcare providers as Defendants).

Further, in his summary judgment papers, Plaintiff attempts to raise a new claim that Defendant Harris knew of the allegedly inadequate medical care, but failed to take corrective action to remedy the situation. *See* docket entries #118 and #119. However, Plaintiff did *not* raise any such claim in his Complaint or Amended Complaint. *See* docket entries #1 and #5.

[2] In July of 2009, Defendant Harris filed a Motion to Dismiss arguing that he was entitled to sovereign immunity because Plaintiff specifically stated, in his Complaint and Amended Complaint, that he was suing him in his official capacity only. *See* docket entry #14. The Court held that sovereign immunity barred Plaintiff's request for monetary damages, but not his requests for injunctive and declaratory relief. *See* docket entries #26 and #31. Additionally, the Court clarified that there was no vicarious liability in § 1983 actions. Thus, Plaintiff could not hold Defendant Harris vicarious liable for the treatment decisions made by prison medical personnel. *Id.*

before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007);[3] *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

Importantly, the PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court.  *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Additionally, the United States Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the *prison's requirements,* and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218 (emphasis added); *see also Woodford*, 548 U.S. at 90-91 (explaining that, to satisfy the PLRA's exhaustion requirement, a prisoner must comply with the specific procedural requirements of the incarcerating facility).

To fully and properly exhaust administrative remedies about a medical problem, an ADC prisoner must: (1) file an informal resolution with the medical staff; (2) file a grievance to the Health Services Administrator if the attempt at informal resolution is unsatisfactory; and (3) appeal the Health Services Administrator's decision to the Wendy Kelley, who is the ADC Deputy Director for Health and Correctional Programs.[4]  *See* docket entry #98, Exs. B, C, and E (ADC Adm. Dir.

---

[3] In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

[4] The parties agree that Defendant Harris had no role in the review of medical grievances. *See* docket entries #98 and #118.  *Id.*  Additionally, Plaintiff *concedes* that, when he attempted to appeal a medical grievance to Defendant Harris, he returned it to Plaintiff with an explanation that

-4-

07-03 § IV(E) through (G) (August 6, 2007)).

Defendant Harris argues that he is entitled to dismissal because Plaintiff did not name him in *any* of the grievances he filed regarding the alleged lack of medical care. *See* docket entry #98, Exs. B and C (Affidavits from two ADC grievance officers verifying that Plaintiff did not name Defendant Harris in any of his medical grievances). Importantly, it is undisputed that the ADC exhaustion policy, as well the exhaustion forms, specifically state that a prisoner must name the "personnel involved." *See* docket entry #98, Ex. G (ADC Adm. Dir. 07-03 § IV(E)(2); *see also* docket entry #98, Ex. C.

Plaintiff attempts to circumvent this procedural hurdle by referring to Grievance VSM 09-02564, in which he alleged that Defendant Harris was aware that he was not regularly receiving his Metafiber medication. *See* docket entry #113, Ex. C at 114. However, Plaintiff filed Grievance VSM 09-02564 on October 2, 2009, which was approximately four months *after* he commenced this action. *See Johnson*, 340 F.3d at 627 (holding that: "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory") (emphasis in the original). Thus, Plaintiff did not timely and properly exhaust his claim against Defendant Harris in Grievance VSM 09-2564.

Plaintiff also argues that, before he commenced this action, he filed numerous grievances alleging that "the ADC and CMS" were continually denying him adequate medical care. *See* docket entry #98, Ex. C. It appears that Plaintiff believes that by referring to "the ADC," it should have

---

he must file it with the Health Services Administrator. *See* docket entry #113, Ex. C at 4; *see* docket entry #118 at ¶ 15.

been clear that he was naming Defendant Harris. However, as previously explained, the ADC policy and exhaustion forms specifically required Plaintiff to name the "personnel involved." Plaintiff did not name Defendant Harris and his allegedly unconstitutional polices and/or practices regarding medical care, in any of the grievances he filed before commencing this action. Thus, Defendant Harris should be dismissed, without prejudice, because Plaintiff has failed to timely and properly exhaust his administrative remedies against him.[5]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Separate Defendant Harris's Motion for Summary Judgment and Amended Motion for Summary Judgment (docket entryies #97 and #103) be GRANTED, and he be DISMISSED,

---

[5] Defendant Harris also argues that he is entitled to a dismissal, *with prejudice*, because Plaintiff has failed to come forward with any evidence demonstrating that he had a policy or practice that resulted in Plaintiff receiving inadequate medical care. *See* docket entries #98 and #100. In support of that argument, Defendant Harris has produced a sworn Affidavit declaring that he did *not*: (1) have or condone any such policies or practices; (2) have the authority to schedule surgeries or alter Plaintiff's medical treatment plan; (3) have any input or authority concerning CMS's policies or practices; (4) have any input or authority concerning the ADC's medical policies or practices; and (5) have any involvement or input into the ADC's medical services contract with CMS. *See* docket entry #98, Ex. F. Plaintiff has not come forward with *any* evidence to refute those allegations or to otherwise support his claim that Defendant Harris had a policy or practice that resulted in Plaintiff receiving inadequate medical care.

However, the Eighth Circuit has recently held that trial courts may *not* dismiss a prisoner's § 1983 claim on the merits and with prejudice, if the case should be dismissed, without prejudice, due to a lack of exhaustion. *See Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion) (holding that, once the trial court concluded that a prisoner failed to exhaust his administrative remedies, it was required to dismiss the case without prejudice; and the court erred when it went on to dismiss the case, with prejudice, on the merits); *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court erred when it dismissed a § 1983 action, with prejudice and on the merits, without first considering the exhaustion issue and dismissing without prejudice). Thus, the Court recommends that this case be dismissed, *without prejudice,* due to a lack of exhaustion.

WITHOUT PREJUDICE, from this action.

    2.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

    Dated this 10th day of November, 2010.

                                                      _____
                                                    UNITED STATES MAGISTRATE JUDGE